IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANKLIN MANUEL,

    Petitioner,

v.                                        CASE NO. 4:17-cv-140-RH-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 Gadsden County conviction for armed robbery with a deadly weapon, burglary of dwelling with a person assaulted, battery on a person sixty-five years of age or older, and grand theft in the third degree. (ECF No. 1.) Respondent filed a Motion to Dismiss. (ECF No. 23.) Petitioner has not filed a response in opposition and the time for doing so has expired.[1] The motion is

---

[1] On March 22, 2018, because Petitioner had not yet filed a response, the Court issued an order to show cause directing Petitioner to show cause by April 20, 2018, as to why his Petition should not be dismissed. (ECF No. 25.) Petitioner then filed a motion to compel, representing that he never received a copy of the motion to dismiss. (ECF No. 26.) Accordingly, the Court granted Petitioner's motion to compel, thereby directing Respondent to serve a second copy of the motion upon Petitioner, and ordered Petitioner to file his response to the motion to dismiss by May 28, 2018. (ECF No. 27.)

therefore ripe for review. For the following reasons, the undersigned recommends that the motion to dismiss should be granted and the Petition should be dismissed.

## **State-Court Proceedings**

Petitioner was convicted October 16, 2013, of armed robbery with a deadly weapon, burglary of dwelling with a person assaulted, battery on a person sixty-five years of age or older, and grand theft in the third degree. (ECF No. 23-1 at 98.)  He was sentenced to life in prison on the charges for armed robbery and burglary of a dwelling with a person assaulted and sentenced to five years imprisonment on the battery and grand theft charges (*Id.* at 100–03.)[2]

Petitioner filed a direct appeal in the First District Court of Appeal ("First DCA"). (ECF No. 23-1 at 109–10.)  Counsel, however, filed a "no merits" brief under *Anders v. California*, 386 U.S. 738 (1967). (ECF No. 23-2 at 2–18.) Petitioner did not file a *pro se* appellate brief. (ECF No. 23-3 at 3–4.) The First DCA per curiam affirmed without written opinion on January 16, 2015, and the mandate followed on February 11, 2015. (*Id.* at 4.)

---

As of the date of this report and recommendation, however, Petitioner has failed to respond.

[2] Petitioner also later entered a plea to violation of probation on 2008 charges and was sentenced to 48 months imprisonment. (ECF No. 23-1 at 142–52.)

Petitioner then filed a *pro se* petition for writ of habeas corpus in the First DCA on November 16, 2016, alleging ineffective assistance of counsel. (ECF No. 23-4 at 2–20.) On January 5, 2017, the First DCA dismissed the petition because Petitioner failed to perfect service of the petition on the State. (*Id.* at 21.)

Petitioner therefter filed the instant Petition in this Court on March 21, 2017. (ECF No. 1.)

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

As an initial matter, because Petitioner filed his Petition after April 24, 1996, the AEDPA governs his Petition. The Petition is therefore subject to the AEDPA's one-year limitation period.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th

Cir. 2006). A state appellate court's per curiam affirmance of a conviction is not reviewable by the Florida Supreme Court. *Jackson v. State*, 926 So. 2d 1262, 1265; see also Fla. Const. Art. V, § 3(b)(1). A petitioner, however, has a 90-day period in which to file a *certiorari* petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004). "[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . ." *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

With respect to the first *Adams* prong, Petitioner filed his Petition in this Court on March 21, 2017, pursuant to the mailbox rule. (ECF No. 1.) As to the second *Adams* prong, the First DCA per curiam affirmed Petitioner's conviction and sentence without written opinion on January 16, 2015.[3] Petitioner therefore received the benefit of the 90-day period to file a certiorari petition because, in light of the per curiam affirmance, the state appellate court was the highest court in which he could seek review. *See Chavers*, 468 F.3d at 1275 ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking

---

[3] Petitioner did not file a motion for rehearing. *See* Sup. Ct. R. 13.3.

Supreme Court review . . . .") Accordingly, Petitioner's judgment of conviction became final on April 16, 2015. The one-year statute of limitations therefore began on April 15, 2015.

Petitioner's one-year clock then ran un-tolled for 365 days until it expired on April 15, 2016. He did not file the instant Petition, however, until March 21, 2017. (ECF No. 1.)[4] The Petition is therefore untimely.

A petitioner is entitled to equitable tolling, however, if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).

> Moreover, under the miscarriage-of-justice exception, "actual innocence, if proved, serves as a gateway through which a § 2254 petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To make

---

[4] Even assuming Petitioner's state petition for writ of habeas corpus was "properly filed" for tolling purposes, the tolling provision of § 2244(d)(2) does not apply to the petition because the one-year period expired before Petitioner filed the petition *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

> a credible showing of actual innocence, a petitioner must present new reliable evidence that was not presented at trial, and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935. For purposes of this miscarriage-of-justice exception, "actual innocence" means factual innocence, not mere legal insufficiency. *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011).

*Bembo v. Sec'y Dep't of Corr.*, No. 16-16571-C, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017).

Petitioner has offered no explanation for his failure to timely file the instant Petition. He therefore has not met his burden of showing that he is entitled to equitable tolling.

Petitioner also has not demonstrated that he is entitled to the miscarriage-of-justice exception. Petitioner appears to be challenging the sufficiency of the probable cause affidavit and/or information. The challenged to the sufficiency of the probable cause affidavit and/or information, however, is not "newly discovered evidence" upon which no reasonable juror would have convicted Petitioner.

Petitioner has failed to demonstrate the requisite extraordinary circumstances to warrant equitable tolling of his AEDPA statute of limitations or actual innocence under the miscarriage-of-justice exception. Accordingly, the Petition is untimely and should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 23, should be **GRANTED**, the

Petition for a writ of habeas corpus, ECF No. 1, should be **DISMISSED**, and a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 4th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.